**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DIANA RIOS-RAMOS**<br>3243 North 6th Street,<br>Philadelphia, PA 19140<br><br>*Plaintiff*<br>v.<br><br>**UNITED STATES OF AMERICA and**<br>**DOES 1-50,**<br>615 Chestnut Street, Suite 1250<br>Philadelphia, PA 19106<br><br>*Defendants* | **CASE NO.:**_____<br><br>**CIVIL ACTION**<br><br><u>**JURY TRIAL DEMANDED**</u> |

<u>**COMPLAINT**</u>

Plaintiff, Diana Rios-Ramos, by and through her undersigned counsel, brings this medical malpractice action against the above-named defendants (collectively "Defendants") and hereby avers the following:

**I.      <u>INTRODUCTION</u>**

1.      This matter involves a botched hydrothermal endometrial ablation, improperly performed by Henry Su, D.O. (hereafter referred to as "Dr. Su") on June 11, 2024, which resulted in severe genital burns, significant pain, impaired functional use, and permanent scarring to Ms. Rios-Ramos.

**II.      PARTIES AND JURISDICTIONAL FACTS**

2.      Plaintiff, Diana Rios-Ramos, is an adult individual, citizen, and resident of the Commonwealth of Pennsylvania, residing at 3243 North 6th Street, Philadelphia, PA 19140.

3.      Defendant, United States of America ("USA"), operates, manages, and supervises a Federally Qualified Health Center (FQHC) through Delaware Valley Community Health

(DVCH) and its associated facilities and employees, including the Parkview Health Center located at 814 East Hunting Park Avenue, 2nd Floor, Philadelphia, PA 19124, including Dr. Su.

4.     At all relevant times hereto, Dr. Su on behalf of Defendant United States of America provided gynecological, prenatal, and pediatric services to eligible community members, including individuals such as Ms. Rios-Ramos, who relied on Dr. Su's care to treat her gynecological medical conditions.

5.     This action is brought pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2671 *et seq.*, which provides for liability of the USA for personal injuries and wrongful death caused by the negligent acts and omissions of its employees while acting within the scope of their employment.

6.     This Court has original jurisdiction under 28 U.S.C. § 1346(b), which grants district courts exclusive jurisdiction over civil actions against the USA for injuries caused by negligent acts or omissions of federal employees.

7.     This Court also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), as they form part of the same case or controversy under Article III of the United States Constitution.

8.     Venue is proper in this district under 28 U.S.C. § 1402(b) because the negligent acts and omissions occurred within this district, and Defendant maintains facilities in this district, including the Parkview Health Center.

## III.    EXHAUSTION OF ADMINISTRATIVE REMEDIES

9.     Plaintiff has satisfied all conditions precedent to filing this action, including exhausting administrative remedies as required by 28 U.S.C. §§ 2401(b) and 2675(a).

10.    On July 2, 2025, Plaintiff submitted an administrative tort claim to, as required under 28 U.S.C. §§ 2401(b) and 2675(a).

11.    The administrative claim outlined the negligence of Dr. Su with regard to the medical treatment he rendered to Ms. Rios-Ramos.

12.    To date, Plaintiff has not received a reply.

13.    Plaintiff has fully satisfied all conditions precedent to filing this action under the FTCA by properly submitting an administrative claim and allowing the requisite time for agency review.

14.    Plaintiff now seeks judicial relief to address the negligence of Dr. Su.

## IV.    **OPERATIVE FACTS**

15.    On June 11, 2024, Ms. Rios-Ramos underwent a hydrothermal endometrial ablation performed by Dr. Su at Temple University Hospital.

16.    Hydrothermal endometrial ablation is a procedure that uses circulated heated fluid within the uterine cavity to destroy the endometrial lining.

17.    The heated ablation fluid escaped the uterine cavity and came into contact with Plaintiff's external genitalia, perineum, and perianal region causing severe thermal injury to the skin and soft tissue.

18.    Masked by the aesthesia, Ms. Rios-Ramos was allowed to return home with significant genital burns.

19.    Ms. Rios-Ramos is documented as having a five (5) to six (6) cm scar from hydrothermal ablation on her external genitalia extending from the labia to the perineum and buttocks.

4923-9871-5548, v. 1

20.     As a result of the Defendant's carelessness and negligence, Ms. Rios-Ramos was improperly discharged without information or treatment regarding severe genital burns.

21.     As a result of Defendant's carelessness and negligence, Ms. Rios-Ramos's care was misunderstood, underappreciated, delayed and mismanaged while she was a patient in Defendant's care.

22.     The Defendant's carelessness and negligence caused Ms. Rios-Ramos to endure tremendous physical pain and suffering and avoidable genital burns and permanent scarring.

23.     As a result of Defendant's carelessness and negligence, Ms. Rios-Ramos was deprived of the opportunity to promptly diagnose and/or timely treat her medical condition, including genital burns, pain, and permanent scarring.

24.     The carelessness and negligence of the Defendant increased the risk of harm to Ms. Rios-Ramos.

25.     The grievous injuries suffered by Ms. Rios-Ramos were caused solely and exclusively by the carelessness and negligence of the Defendant and/or its actual, apparent and/or ostensible agents, servants and/or employees, and were due in no manner whatsoever to any act or failure to act on the part of Ms. Rios-Ramos.

## <u>COUNT I – NEGLIGENCE</u>
## PLAINTIFF V. DEFENDANT UNITED STATES OF AMERICA AND DOES 1-50

26.     Plaintiff realleges paragraphs 1 through 25 as if fully stated herein.

27.     Defendant USA is directly and vicariously liable and responsible for the negligent and careless treatment by its agents, servants, workmen, and/or employees under the theory of respondeat superior, agency, right of control and/or apparent authority.

4

4923-9871-5548, v. 1

28.    Defendant USA, through Dr. Su and his staff, owed a duty of care to Ms. Rios-Ramos to provide medical treatment consistent with professional standards of care.

29.    Defendant breached this duty in numerous ways, including but not limited to:

a.    Failing to properly perform the hydrothermal endometrial ablation procedure as described in this complaint;

b.    failing to perform a full and complete post-operative physical examination of Ms. Rios-Ramos;

c.    failing to diagnose Ms. Rios-Ramos's with genital burns;

d.    failing to treat Ms. Rios-Ramos's genital burns;

e.    failing to properly supervise and/or instruct the nursing staff;

f.    failing to properly supervise and/or instruct the resident(s) involved in the procedure;

g.    failing to monitor intraoperatively to detect leakage or escape of heated fluid from the uterine cavity;

h.    failing to allow the heated solution to properly cool so as to avoid burns on Ms. Rios-Ramos genitals as described in this complaint;

i.    failing to ensure proper device placement, cervical seal integrity, and uterine cavity assessment prior to activation of the device;

j.    failing to use reasonable care in positioning, placing, and securing the device utilized during the procedure;

k.    failing to use reasonable care in positioning, placing, and securing Ms. Rios-Ramos in the proper position to minimize risk of burns during the procedure;

l.    failing to recognize leakage or escape of heated fluid from the uterus and into surrounding tissue;

m.    failing to properly inspect the patient for evidence of burns or thermal injury immediately following the procedure;

n.    failing to timely treat thermal injuries sustained during the procedure;

o.    improperly discharging Ms. Rios-Ramos without treatment or evaluation of her genital burns;

5

p.  failing to conform to the accepted standards of care in the performance of endometrial ablation;

q.  failing to conform to the accepted standards of care in evaluation, work-up, diagnosis, treatment and management of Ms. Rios-Ramo's symptoms and as described in this Complaint;

r.  failing to provide proper discharge instructions to Ms. Rios-Ramos for the care and maintenance of genital burns; and

s.  failing to have the training, technique and technical skills to perform endometrial ablation without causing injury.

30.   The carelessness and negligence of Dr. Su, as outlined in this Complaint, increased the risk of harm to Ms. Rios-Ramos and was the direct, proximate, and factual cause of her injuries, pain, suffering, and damages.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment in her favor and against Defendant for the damages outlined herein, including wrongful death and survival damages, compensatory damages, and pain and suffering, in an amount in excess of the jurisdictional requirement, plus costs, post-judgment interest and attorney's fees as permitted by law, and such other relief the Court deems just and proper.

## DAMAGES

31.   Plaintiff realleges paragraphs 1 through 30 as if fully stated herein.

32.   Plaintiff seeks damages for the following injuries:

a.  Severe thermal burns to the vulva, labia, vagina, perineum, and surrounding genital tissues

b.  Full-thickness and/or partial-thickness burns to internal and external genital structures

c.  Genital burns;

d.  Permanent scarring and disfigurement of the genital region;

e.  Chronic pelvic and genital pain;

6

4923-9871-5548, v. 1

    f.   Dyspareunia;

    g.   Loss of sexual function and enjoyment;

    h.   Need for extensive wound care and debridement procedures;

    i.   Permanent sensory changes, numbness, or hypersensitivity in the genital region

    j.   Bleeding;

    k.   Pain and suffering;

    l.   Humiliation;

    m.   Embarrassment;

    n.   Loss of life's pleasures;

    o.   Medical expenses;

    p.   Past and future lost wages; and

    q.   Incidental and other expenses.

33.    These losses were directly caused by Defendant's negligent acts and omissions.

34.    Plaintiff seeks all lawful compensatory damages permitted under federal and state law to address the profound losses sustained by Decedent's Estate and surviving family members.

4923-9871-5548, v. 1

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment in her favor and against Defendant for the damages outlined herein, including wrongful death and survival damages, compensatory damages, and pain and suffering, in an amount in excess of the jurisdictional requirement, plus costs, post-judgment interest and attorney's fees as permitted by law, and such other relief the Court deems just and proper.

<div style="margin-left: 50%;">

**FRIEDMAN SCHUMAN LAYSER, P.C.**

By: _____

Derek R. Layser (Atty I.D. #54938)
Caitlin Dryden Groeber (Atty I.D. #330363)
275 Commerce Drive, Suite 210
Fort Washington, PA 19034
P: 215-690-3817/3807
E: dlayser@fsalaw.com
E: cdryden@fsalaw.com
*Attorneys for Plaintiff*

</div>

Date: June 5, 2026

8

4923-9871-5548, v. 1

## CERTIFICAITON

Under Federal Rule of Civil Procedure 11, by signing below, I, Derek R. Layser, attorney for Plaintiff, certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

FRIEDMAN SCHUMAN LAYSER, P.C.

By:  _____

Date: June 5, 2026

Derek R. Layser (Atty I.D. #54938)
275 Commerce Drive, Suite 210
Fort Washington, PA 19034
P: 215-690-3817
E: dlayser@fsalaw.com
*Attorney for Plaintiff*